IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PHILLIP S. KUNTZ and FRANCES J. KUNTZ, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. 06-0554-JLF ) |
| ILLINOIS CENTRAL RAILROAD COMPANY, a/k/a/ CANADIAN NATIONAL /ILLINOIS CENTRAL RAILROAD, | ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

**FOREMAN, District Judge:**

Before the Court is plaintiffs' motion to remand (Doc.12). Defendant has filed a response (Doc. 14) and plaintiffs have filed a reply (Doc. 16). This motion is discussed below.

**I.    Background.**

The following allegations are from plaintiffs' complaint. On or about April 3, 2006, Phillip Kuntz was driving southbound on Lazy W Road in Perry County, Illinois. At some point, his vehicle was struck by one of defendant's trains and he was seriously injured.

Plaintiffs have brought a two-count complaint for negligence, (Count I), and for loss of consortium (Count II). Plaintiffs allege that defendant:

>   1)   negligently failed to adequately maintain its crossing in that it failed to keep its right away reasonably clear of brush, shrubbery, trees and weeds, in violation of 625 ILCS 5/18c-7401(1)(3) and 92 ILAC sec. 1535.205;
>
>   2)   negligently failed to adequately access motorists' sight lines for approaching trains;

    3)    negligently failed to adequately maintain the cross bucks;

    4)    negligently failed to equip the crossing with additional signage after receiving an Illinois Commerce Commission recommendation to do so;

    5)    negligently failed to adequately maintain its crossing due to presence of loose gravel and pot holes;

    6)    negligently failed to adequately warn motorists of approaching trains;

    7)    negligently failed to stop or slow its train in a manner to avoid the accident;

    8)    negligently failed to sound a proper warning; and

    9)    negligently failed to maintain a proper lookout.

*(Doc. 2, Att. 1).*

Plaintiffs originally filed suit in the Circuit Court in Perry County, Illinois. On July 13, 2006, defendant filed a notice of removal based on federal question jurisdiction. Plaintiffs' motion to remand is discussed below.

## II.    Discussion.

Defendant has removed this case based on federal question jurisdiction. Specifically, defendant claims that plaintiffs' complaint alleges numerous violations of railroad law which is an area that is heavily regulated by federal statutes and regulations.

Removal is proper over "any action that could have been filed originally in federal court." *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir.2000). Defendant, as the party seeking removal, has the burden of establishing this Court's jurisdiction. *In re Application of*

*County Collector*, 96 F.3d 890, 895 (7th Cir.1996).  The removal statute should be construed narrowly, and any doubts about jurisdiction are to be resolved in favor of remand. *Doe v. Allied-Signal*, 985 F.2d 908, 911 (7th Cir.1993).

Where defendant's basis of removal is federal question jurisdiction, plaintiffs' cause of action must "aris[e] under the Constitution, laws, or treaties of the United States." *28 U.S.C. § 1331*.  In order to arise under federal law, a claim must either "plead[ ] a cause of action created by federal law" or be a state law claim "that implicate[s] significant federal issues." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).  If any of plaintiffs' claims are removable, the entire case may be removed on the basis of supplemental jurisdiction. *Fournier v. Lufthansa German Airlines*, 191 F.Supp.2d 996, 1000 (N.D.Ill.2002).   Defendant has removed this case on the ground that plaintiffs' complaint alleges numerous violations of federal statutes and regulations by defendant, which is a railroad that is heavily regulated by federal law.  For example, defendant asserts that plaintiffs' claim that defendant failed to sound a proper warning is preempted by 49 C.F.R. § 222.1, et seq.

The Federal Railroad Safety Act (FRSA) was enacted "to promote safety in every area of railroad operations and reduce railroad-related accidents and incidents." *49 U.S.C. § 20101*.  In order to promote safety at railroad grade crossings, the FRSA provides that the Secretary of Transportation "as necessary, shall prescribe regulations and issue orders for every area of railroad safety supplementing [existing] laws and regulations." *49 U.S.C. § 20103*.  Congress expressly defined the preemptive scope of any promulgated regulations, stating that: "Laws, regulations, and orders related to railroad safety . . . shall be nationally uniform to the extent

practicable. A State may adopt or continue in force a law, regulation, or order related to railroad safety until the Secretary of Transportation . . . prescribes a regulation or issues an order covering the subject matter of the State requirement." *49 U.S.C. § 20106.*

Upon review of the applicable regulations, 49 C.F.R. § 222.7 states that:

> **§ 222.7      What is this regulations' effect on State and local laws and ordinances?**
>
> (A) Except as provided in paragraph (b) of this section, issuance of this part *preempts any State law, rule, regulation, or order governing the sounding of the locomotive horn* at public highway-rail grade crossings, . . . .

*49 C.F.R. § 222.7; see also United Transportation Union v. Foster,* 205 F.3d 851, 862 n.20 (5th Cir. 2000) (once the Secretary prescribes regulations requiring sounding an audible horn at every crossing, [*see 49 C.F.R. § 222.21*], any such state law claims will be federally preempted).

Based on the above, plaintiffs' claim regarding defendant's failure to sound a proper warning is preempted, and this Court has original jurisdiction over that claim. Because the remaining claims are so related to the claim over which the Court has original jurisdiction, the Court exercises supplemental jurisdiction over the remaining claims. *§ 28 U.S.C. 1367.*

**III.   Summary.**

Based on the above, plaintiffs' motion to remand (Doc.12) is **DENIED**. Plaintiff's request for fees and expenses is denied.

**IT IS SO ORDERED.**              *s/ James L. Foreman*
**DATED:** November 15, 2006.        **DISTRICT JUDGE**